# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 2530 |
| | ) | |
| McCARTHY, CITY OF CHICAGO, | ) | Judge Rebecca R. Pallmeyer |
| MARCUS McGRONE, and | ) | |
| TIFFANY MEEKS, each sued in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cornelius Purnell has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants, two Chicago police officers, used excessive force against him and falsely arrested him. Plaintiff claims that the officers fired twenty-two shots at him, striking him eight times, even though he was unarmed, had not violated the law, and did not resist. To justify their action, the officers allegedly filed "trumped up" charges. Plaintiff contends, further, that all of this conduct is consistent with the Chicago Police Department's *de facto* policy and practice of allowing and even fostering police abuse by failing to properly train officers and by turning a blind eye to widespread instances of such misconduct. Both sides have moved for judgment on the pleadings. For the following reasons, Plaintiff's motions [63 and 64] are denied, and Defendants' motion [60] is granted.

## DISCUSSION

**I.     Standards for Judgment on the Pleadings**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Such a motion is

evaluated under the same standards that govern a Rule 12(b)(6) motion to dismiss: the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)); *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In considering this motion, the court may rely on the pleadings, documents attached to or referred to in the pleadings, or information subject to judicial notice. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (addressing FED. R. CIV. P. 12(b)(6)) (citations omitted); *Lodholtz*, 778 F.3d at 639 (explaining that the same standards govern Rules 12(b)(6) and 12(c) (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014)); *see also* FED. R. CIV. P. 10(c). A motion for judgment on the pleadings is granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

The court may take judicial notice of matters of public record. *See Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003); FED. R. EVID. 201(b). Such matters include public court documents, *see White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016), as well as "proceedings in other courts related to the matter presently before it." *Coexist Found., Inc. v. Fehrenbacher*, No. 11 CV-6279, 2016 WL 4091623, at *3 n.1 (N.D. Ill. Aug. 2, 2016) (Coleman, J.) (citing *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996)); *see also United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990) (court may consider "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue") (citation omitted). To the extent that judicially-noticed facts contradict the allegations of the complaint,

the court will not accept those allegations. Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1363 at 464-65 (3d ed. 2013); *see also Goode v. PennyMac Loan Servs., LLC*, No. 14 CV 1900, 2014 WL 6461689, at *3-4 (N.D. Ill. Nov. 18, 2014) (Chang, J.) (concluding that information in the public record, including a foreclosure action, mortgage documents, and assignments, rendered the allegations in the complaint "implausible").

## II. Factual Allegations and Plaintiff's Guilty Plea

Plaintiff alleges that on March 23, 2012, he was attending a birthday party in Chicago, Illinois, when he went outside to smoke a cigarette and make a call on his mobile telephone. Suddenly, he alleges, Defendants McGrone and Meeks, two Chicago police officers, appeared and "confronted" Plaintiff for no apparent reason. (Compl. ¶ 3.) At the time, Plaintiff asserts, he was not violating the law, was not carrying a weapon, and did not brandish anything that looked like a weapon in the officers' direction. (Compl. ¶¶ 6-7.) Nevertheless, Defendants pulled out their weapons and fired twenty-two rounds at him. (Compl. ¶ 4.) Eight bullets struck Plaintiff. (*Id.*) Plaintiff heard McGrone remark, "He should be dead after all that." (Comp. ¶ 5.)

Defendants transported Plaintiff to Christ Hospital for treatment of his multiple gunshot wounds. (Compl. ¶ 9.) Afterwards, Plaintiff alleges, Defendants filed numerous "trumped up" charges against Plaintiff. (Compl. ¶ 10.) In the ensuing months, Plaintiff had to undergo several surgeries. (Compl. ¶ 11.) He suffered excruciating pain and mental anguish. (*Id.*)

Plaintiff contends that the use of excessive force by Chicago law enforcement officers is so persistent and widespread that the Chicago Police Department has an effective policy and practice of allowing police mistreatment to continue unabated. (Compl. ¶¶ 12-17.) According to Plaintiff, police investigators turn a blind eye to citizen reports of police abuse. (Compl. ¶ 14.) Plaintiff additionally maintains that the Chicago Police Department does not properly train its officers. (Compl. ¶ 16.)

3

All of these allegations ordinarily would be presumed true for purposes of this motion, but as explained above, the court is also free to take judicial notice of matters of public record, even at the pleadings stage. In their motion, Defendants have demonstrated that Plaintiff pleaded guilty to charges arising from the March 2012 police encounter. Specifically, on April 29, 2015, he pleaded guilty pursuant to a negotiated plea agreement to unlawful use of a weapon by a felon. (*See* Defs.' Ex. B, Report of Proceedings in the Circuit Court of Cook County [60-2].) Plaintiff acknowledged in those proceedings that he was guilty of knowingly possessing on his person a .45 caliber handgun on March 23, 2012, after having previously been convicted of a felony offense. (*Id.* at 7-8). Plaintiff also pleaded guilty to a charge of aggravated assault, admitting that he had pointed a handgun at Defendant McGrone. (*Id.*)

The transcripts from the change-of-plea proceeding in the Cook County Circuit Court shed additional light on the circumstances surrounding the police encounter. The Cook County State's Attorney explained that Defendants were in the area in response to a call about a man with a gun. (*Id.* at 12.) When Defendants arrived at the address of the distress call, a woman exited a door yelling, "He's in the back yard!" (*Id.*) Plaintiff, through counsel, expressly stipulated that Defendants discovered him standing near a garage with a semi-automatic handgun in his hand. (*Id.* at 12-13.) Plaintiff also conceded that, when police ordered him to drop the gun, he instead raised the handgun and pointed it at the officers, at which point the officers fired their own weapons. (*Id.* at 13.) When the trial judge asked Plaintiff, "All right, is that, in fact, what happened?" Plaintiff responded, "Yes." (*Id.* at 14.) The trial court found that there was a "factual basis for [Plaintiff's] guilty pleas to the charges of unlawful use and possession of a weapon by a felon, [and] to the charge of aggravated assault . . . ." (*Id.* at 14-15.)

**III. Analysis**

Plaintiff's current account of the events of March 23 is wholly incompatible with both of his convictions. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Viramontes v. City of Chicago*, 840 F.3d 423, 427-28 (7th Cir. 2016) (citing *Heck*). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. Whether or not the plaintiff intends to challenge his conviction is "irrelevant": "if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *Viramontes*, 840 F.3d at 428. In this case, the allegation that Defendants falsely arrested Plaintiff for possession of a gun would necessarily call into question the validity of his conviction.

The court recognizes that a wrongful arrest does not "inevitably" undermine a conviction; in a number of instances, an individual could "have a successful wrongful arrest claim and still have a perfectly valid conviction." *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (quoting *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996)). But even where a claim is theoretically compatible with the underlying conviction, it may nevertheless be *Heck*-barred "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction . . . ." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006); *Okoro,* 324 F.3d at 490 (finding claim barred where plaintiff, who was convicted of selling drugs to an undercover officer, maintained that he had tried to sell jewels, not drugs, to the officer); *see also Viramontes*, 840 F.3d at 427; *Tolliver v. City of Chicago*, 820 F.3d 237, 242-43 (7th Cir. 2016). "To properly

apply *Heck*'s bar against certain damage actions, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th Cir. 2008) (quoting *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006)).

Under the circumstances of this case, Plaintiff cannot sue Defendants for false arrest, because that claim relies on allegations that are flatly inconsistent with the facts supporting his convictions. First, Plaintiff may not allege that he had no gun on the date in question. In circumstances like these, where a plaintiff's false arrest claim relies on allegedly false evidence, such a claim cannot be squared with a conviction. *See Ellis v. City of Chicago*, No. 13 CV 2382, 2016 WL 212489, at *3 (N.D. Ill. Jan. 19, 2016) (Chang, J.) (prisoner's claim that police planted evidence, fabricated police reports, and provided false testimony in criminal proceedings to achieve his conviction was "exactly the type of claim that *Heck* precludes"); *Willis v. Wagner*, No. 08 CV 01964, 2012 WL 4597486, at *2, 4 (N.D. Ill. Sept. 29, 2012) (Chang, J.) (plaintiff could not, consistent with his conviction for being an armed habitual criminal, claim that police planted a gun to justify an unlawful arrest). Because Plaintiff pleaded guilty to being a felon in possession of a firearm, any allegation that he had no gun when he was arrested is a non-starter.

Case precedent likewise bars Plaintiff from declaring that he did not aim his gun at the Defendants. Under 720 ILCS 5/12-1(a), a person commits an assault "when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery." An individual commits aggravated assault when the victim is a peace officer performing his or her official duties. 720 ILCS 5/12-2(b)(4.1)(i). Thus, as a matter of law, pointing a gun at a police officer constitutes aggravated assault. *See, e.g., United States v. Robinson*, 537 F.3d 798, 803 (7th Cir. 2008) (discussing difference between felony

attempted aggravated battery and misdemeanor attempted aggravated assault under Illinois law); *United States v. Purifoy*, 326 F.3d 879, 881 (7th Cir. 2003) ("When he pointed his gun at the arresting officers, he committed an aggravated assault—he was actually *using* the weapon.") (emphasis in original).

Again, Plaintiff's conviction of aggravated assault bars any allegation that he had no gun or that he did not aim his gun at Defendants. Plaintiff stipulated at his change-of-plea hearing that Defendants found him with a semi-automatic handgun in his hand when they responded to a 911 call and conceded that he raised the gun and pointed it at officers. (Defs.' Ex. B at 12.) When the trial judge specifically asked Plaintiff, "All right, is that, in fact, what happened?" Plaintiff responded, "Yes." (*Id.* at 14.) Plaintiff now claims that he was simply standing outside smoking and using his cellular telephone, and that he was not carrying a gun or any other weapon. But any finding that Plaintiff was not carrying a gun would necessarily impugn Plaintiff's underlying convictions for unlawful possession of a weapon by a felon,[1] and for aggravated assault. Plaintiff's admissions at his plea agreement demonstrate that Defendants had probable cause to arrest him. Plaintiff's false arrest claim is irreconcilable with his criminal convictions.

For similar reasons, Plaintiff cannot pursue his excessive force claim. The allegations in his complaint in support of that claim are at odds with the factual basis for his conviction for aggravated battery. Police may, of course, use only "reasonable" force in effecting an arrest.

---

[1] Plaintiff does not contest that he was a felon at the time of his 2012 arrest; nor does he suggest that a court has reversed his current convictions. Aside from Plaintiff's concessions at the change-of-plea hearing, the Illinois Department of Corrections website reflects both that Plaintiff was convicted of robbery in 2009, and that his convictions for unlawful possession or use of a firearm, and for aggravated assault of a peace officer with a weapon, still stand. *See* https://www.illinois.gov/idoc/OFFENDER/Pages/InmateSearch.aspx (visited November 9, 2016).

*See, e.g., Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 519-20 (7th Cir. 2012). And a conviction for assault or battery of a peace officer does not necessarily bar a Section 1983 claim of excessive force stemming from the same incident, "so long as the § 1983 case does not undermine the validity of the criminal conviction." *Hardrick*, 522 F.3d at 762; *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005). "A contention that a guard struck back after being hit is compatible with *Heck*. Otherwise guards (and for that matter any public employee) could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). "An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency" that warrants application of the *Heck* doctrine. *Id.* at 902; *see also Hemphill v. Hopkins*, No. 08 CV 0157, 2011 WL 6155967, at *2 (N.D. Ill. Dec. 12, 2011) (Feinerman, J.) ("*Heck* does not bar an excessive force claim if the plaintiff, putting aside any challenge to his conviction, proceeds on the theory that the degree of force applied was unreasonable"); *Gilbert*, 512 F.3d at 901 ("*Heck* and *Edwards* do not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck* or *Edwards.*") (emphasis in original); *Elcock v. Whitecotton*, 434 Fed. App'x 541, 542-43 7th Cir. 2011) ("[A] claim of excessive force . . . will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard.") (unpublished opinion).

In some cases, however, the plaintiff's allegations about excessive force do directly contradict or necessarily imply the invalidity of his conviction. In those circumstances, the excessive force claim is barred. Thus, in *Moore v. Mahone*, the Seventh Circuit affirmed the

conclusion that a prisoner who had been convicted of battery of correctional officers could not allege, in an excessive force claim against those officers, that he had not battered the officers. 652 F.3d at 722, 722-725 (7th Cir. 2011). The prisoner might have argued that the officers overreacted to his conduct; such an allegation might not have implied the invalidity of his battery conviction. But because Moore asserted and persisted with his claim that he had committed no battery to justify any use of force, his claim was barred by *Heck,* and could properly be dismissed without prejudice. *Id.* at 724-25.

It is possible for a plaintiff to remain "agnostic" about the facts supporting his criminal conviction. *See Gilbert*, 512 F.3d at 901-02. But "a plaintiff is master of his claim and can, if he insists, stick to a position that forecloses relief." *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (citing *Okoro*, 324 F.3d at 488). That is what has happened in this case. Plaintiff Purnell has alleged specifically that he was not carrying a weapon, that he did not brandish anything that looked like a weapon in the officers' direction, that he complied with Defendants' directives, and that the officers—for no reason whatsoever—pulled out their weapons and fired twenty-two shots at him. (Compl. ¶¶ 4, 6-8.) He stands by these allegations in his response to Defendants' motion for judgment on the pleadings, insisting that he "never had a weapon in his hands or brandish[ed] anything that look[ed] like a weapon in the direction of the Defendants," and that his eyewitnesses will testify that the officers' reports are false. (Pl.'s Joint Mot. for J. on the Pleadings [64] at 2.) Whatever his reasons for pleading guilty (Plaintiff explains he did so to avoid a longer sentence (*id.* at 3)), Plaintiff will not be able to proceed without calling into question the validity of that plea and conviction. *See Viramontes*, 840 F.3d at 428-29; *Okoro*, 324 F.3d at 490. Plaintiff's steadfast insistence that he presented no danger to Defendants, and that they shot him without any justification for doing so, requires dismissal of that claim pursuant to *Heck*.

The circumstances here are very similar to *Tolliver*. Plaintiff in that case had pleaded guilty to aggravated battery to a police officer, based on stipulations that he had driven his vehicle towards an officer who, in fear for his safety, fired his service weapon at the vehicle. 820 F.3d at 241. Plaintiff then file a civil rights action in which he maintained that he was paralyzed except for his "eyeballs" at the time, and was therefore unable to intentionally drive the car; he claimed the car merely rolled in the officer's general direction. *Id.* at 240, 243. The Court of Appeals affirmed summary judgment in favor of the officer under the *Heck* doctrine, finding that the plaintiff's version of events was inconsistent with his conviction for aggravated battery of a peace officer. *Id.* at 243-44. The Court of Appeals observed that "If the incident unfolded as Tolliver alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer because the officer shot him without provocation and was injured as a result of involuntary and unintentional actions by a paralyzed Tolliver." *Id.* at 244; *see also Saffold v. Vill. of Schaumburg*, No. 08 CV 5032, 2009 WL 2601318, at *2-3 (N.D. Ill. Aug. 24, 2009) (Dow, J.) (under *Heck*, plaintiff could not deny that he was guilty of telephone harassment unless or until the judgment on his guilty plea was vacated).

The Seventh Circuit generally recommends dismissal without prejudice if the plaintiff can conceivably cure the *Heck* defect in his pleading. *Moore*, 652 F.3d at 725-26. The court will adopt that approach here, but cautions that it may not be possible for the defect to be cured in this case. For Plaintiff to pursue a completely different approach at this stage of the proceedings could amount to an admission that he distorted the truth completely in his original complaint and therefore drafted the pleading in bad faith, justifying a "strike" under 28 U.S.C. § 1915(g).

## **CONCLUSION**

For the reasons stated above, Plaintiff's duplicate motions for judgment on the pleadings [63 and 64] are denied, and Defendants' motion for judgment on the pleadings [60] is granted. Plaintiff has leave to file an amended complaint, if he can do so in good faith, within 28 days. The Clerk is directed to send Plaintiff an amended complaint form.

ENTER:

Dated: February 6, 2017

_____
REBECCA R. PALLMEYER
United States District Judge